**ROBINSON BRADFORD LLP**
Matthew C. Bradford, Esq. (SBN 196798)
Jonathan C. Fuller, Esq. (SBN 292663)
43471 Ridge Park Drive, Suite A
Temecula, California  92590
Telephone:      (209) 954-9001
Facsimile:      (209) 954-9091
matthew@robinsonbradford.net
jonathan@robinsonbradford.net

**TRAHAN LAW GROUP**
Ivan Trahan, Esq. (SBN 75143)
43471 Ridge Park Drive, Suite A
Temecula, California  92590
Telephone:      (951) 693-2080
Facsimile:      (951) 257-5805
bkattorney@earthlink.net

Attorneys for Plaintiffs, James McCarver and Dianna McCarver

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES McCARVER, DIANNA McCARVER,<br><br>             Plaintiffs,<br><br>   vs.<br><br>AVANT CREDIT, DOES 1-50,<br><br>        Defendants. | Case No.:   5:16-cv-2411<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>**1. Violation of 47 USC 227 b(3)(B)**<br>**2. Violation of 47 USC 227 b(3)(B) & (C)**<br>**3. Violation of 15 USC 1692**<br>**4. Violation of Cal. Civ. Code 1788 et. seq.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs James McCarver and Dianna McCarver allege the following upon information and belief and based upon personal knowledge:

**<u>NATURE OF THE CASE</u>**

1.      Plaintiffs brings this action seeking damages and all other available legal or equitable remedies resulting from the illegal actions of Avant Credit ("Avant") in negligently, knowingly,

and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, 47. U.S.C. §227 et seq. ("TCPA"), thereby invading Plaintiffs' privacy and in violation of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collections Practices Act.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction under 28 U.S.C. section 1331 because this case arises out of violations of federal law.  Specifically, Defendant has repeatedly violated 47 U.S.C. section and 227 15 U.S.C. 1692 as is more thoroughly described below.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1391(b) because Defendant does business within the State of California and a substantial part of the events that gave rise to this action took place in Riverside County in the city of Temecula.

## PARTIES

4.      Plaintiffs James McCarver and Dianna McCarver ("the McCarvers") are natural persons residing in California and each are a "person" as defined by 47 U.S.C. section 153(39).

5.      Avant Credit ("Avant") is a "person" as defined by 47 U.S.C. section 153(39).

6.      The above named Defendant, and its subsidiaries and agents, is collectively referred to as "Defendant."

7.      The plaintiffs are ignorant of the true names and capacities of the defendants sued herein as Does 1-50, inclusive, and, therefore, sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as

herein alleged were proximately caused by their conduct.

8.      Plaintiffs are informed and believes that at all times relevant each and every Defendants were acting as an agent and/or employee of each of the other Defendants and were acting within the course and scope of said agency and/or employment with full knowledge and consent of each of the other Defendants.  Plaintiffs are informed and believes that each of the acts and/or admissions complained of herein was made known to, and ratified by, each of the other Defendants.

## BACKGROUND ALLEGATIONS

### The Telephone Consumer Protection Act of 1991 (TCPA) 47 U.S.C. § 227

9.      In response to a number of consumer complaints regarding telemarketing practices, the Congress of the United States enacted the Telephone Consumer Protection Act (47 U.S.C. §227, et seq.)

10.     Among other things, the TCPA regulates the use of automated telephone equipment, also known as "robocallers" with regard to the calling of wireless or cellular telephones.  More specifically, 227(b)(1)(A)(iii) prohibits the robocalling of any cellular or wireless telephone except for emergency purposes or except where the called party has given express consent.

11.     The Federal Communications Commission found that such calls are prohibited because, as Congress found, automated or pre-recorded calls are a greater nuisance and invasion of privacy than live solicitation calls.  Moreover, such calls can be inconvenient and costly because wireless customers may be charged for incoming calls.

**Avant's Practice of Robocalling the McCarvers on their Cell Phones**

12.    Beginning on or around November of 2015, Avant contacted the McCarvers on their cellular telephones (numbers ending in 9796 and 7740) in an attempt to collect an alleged outstanding debt owed by Plaintiffs.

13.    Avant used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place its calls to the McCarvers seeking to collect the debt allegedly owed by the McCarvers.

14.    Avant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

15.    On many occasions the McCarvers would answer Avant's phone calls and were unable to speak with a live human representative as the McCarvers were routinely greeted by "dead air" on the other end of the call.  It would take a brief period of time before a pre-recorded message would start playing or a live representative would start speaking.

16.    In December of 2015, the Plaintiffs sent a letter to Avant by certified mail in order to revoke consent to receive calls made by using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).

17.    The Plaintiffs received a return receipt from Avant on December 17, 2015.

18.    The Plaintiffs continued to receive phone calls on their cellular phones from Avant after December of 2015.  When Plaintiffs answered the phone, they would still hear dead air before a pre-recorded message would begin or before a live representative would start to speak.

**FIRST CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

19.    The McCarvers repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-18.

20.     The foregoing acts and omissions of Avant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. section 227 et. seq.  Pursuant to 47 U.S.C. section 227(b)(3)(B), The plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation.

21.     The plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

22.     The McCarvers repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-21.

23.     The foregoing acts and omissions of Avant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. section 227 et seq.

24.     As a result of Avant's knowing and/or willful violations of 47 U.S.C. §227 et seq., the McCarvers are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

25.     The McCarvers are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
### Violation of the FDCPA

26.     The McCarvers repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-25.

27.     At all times relevant, Defendants were companies engaged in the business of collecting a debt by the use of mail and telephone from Plaintiffs.  Defendants were "debt collectors" seeking

to collect a "debt" from Plaintiff who is a "consumer" as the terms are defined within the FDCPA.

28.     In engaging in the practices more thoroughly described above, Defendants violated the provisions of the FDCPA designed to protect consumers from harassment including but not limited to under 15 U.S.C. 1692(d).

29.     Defendants' conduct was undertaken in a knowing and willful manner warranting an award of actual and statutory damages, costs and attorney's fees.

### FOURTH CAUSE OF ACTION
### Violation of the RFDCPA

30.     The McCarvers repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-31.

31.     At all times relevant, Defendants were companies engaged in the business of collecting a debt by the use of mail and telephone from Plaintiffs.  Defendants were "debt collectors" seeking to collect a "consumer debt" from Plaintiffs who are each a "person" as the terms are defined within the RFDCPA.

32.     In engaging in the practices more thoroughly described above, Defendants violated the provisions of the RFDCPA designed to protect consumers from harassment including but not limited to Cal. Civ. Code §1788.10 et. seq.

33.     Defendants' conduct was undertaken in a knowing and willful manner warranting an award of actual and statutory damages, costs and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, James McCarver and Dianna McCarver requests judgment against Avant Credit for the following:

**FIRST CAUSE OF ACTION**

1.        As a result of Avant's negligent violations of 47 U.S.C. section 227(b)(1), James McCarver and Dianna McCarver are entitled to and requests the sum of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

2.        An injunction directing Avant to cease calling James McCarver and Dianna McCarver cellular telephone numbers using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3.        Any and all relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**

1.        As a result of Avant's willful and/or knowing violations of 47 U.S.C. section 227(b)(1), James McCarver and Dianna McCarver are entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

2.        An injunction directing Avant to cease calling James McCarver and Dianna McCarver cellular telephone numbers using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3.        Any and all other relief that the Court deems just and proper.

**THIRD CAUSE OF ACTION**

1.        As a result of Defendants' willful and/or knowing violations of 15 U.S.C. section 1692 et seq., James McCarver and Dianna McCarver are entitled to and requests damages, as provided by statute.

2.        Award of reasonable attorney's fees.

3.        Any and all other relief that the Court deems just and proper.

## <u>FOURTH CAUSE OF ACTION</u>

1.      As a result of Defendants' willful and/or knowing violations of California Civil Code section 1788 et seq James McCarver and Dianna McCarver are entitled to and requests damages, as provided by statute.

2.      Award of reasonable attorney's fees.

3.      Any and all other relief that the Court deems just and proper.

Dated this Tuesday, November 22, 2016.


**ROBINSON BRADFORD LLP**

By:      /S/Matthew C. Bradford, Esq.
         Matthew C. Bradford, Esq.
         Jonathan C. Fuller, Esq.
         ROBINSON BRADFORD LLP
         Attorneys for Plaintiffs,
         James McCarver and Dianna McCarver

## JURY TRIAL DEMAND

Plaintiffs James McCarver and Dianna McCarver hereby requests a jury trial on the claims of the complaint.

Dated Tuesday, November 22, 2016.

**ROBINSON BRADFORD LLP**

By:    /S/Matthew C. Bradford, Esq.
Matthew C. Bradford, Esq.
Jonathan C. Fuller, Esq.
ROBINSON BRADFORD LLP
Attorneys for Plaintiffs,
James McCarver and Dianna McCarver